UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER HERKO, a Natural Person,<br><br>          Plaintiff,<br><br>v.<br><br>FCA US, LLC, a limited liability company; and DOES 1 through 20, inclusive,<br><br>          Defendants. | Case No.: 19-CV-2057 JLS (WVG)<br><br>**ORDER REMANDING ACTION TO THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**<br><br>(ECF No. 1) |

   Presently before the Court is Defendant FCA US, LLC's Notice of Removal to the United States District Court for the Southern District of California Under 28 U.S.C. § 1332 (Diversity Jurisdiction) ("Not. of Removal," ECF No. 1). On October 25, 2019, Defendant removed this action from the Superior Court for the State of California, County of San Diego on the grounds that "it involves citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs." *See id.* ¶ 4.

   Although Plaintiff Heather Herko did not file a motion to remand, "[t]he court may—indeed must—remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction." *GFD, LLC v. Carter*, No. CV 12-08985 MMM FFMX, 2012 WL 5830079, at *2 (C.D. Cal. Nov. 15, 2012) (citing *Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003)); *see also* 28 U.S.C. § 1447(c)

("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Consequently, it is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006) (quoting *Renne v. Geary*, 501 U.S. 312, 316 (1991)). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam); *accord Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (quoting *Matheson*, 319 F.3d at 1090). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090.

///

Here, the underlying Complaint indicates that, "[o]n or about March 17, 2014, Plaintiff purchased a 2014 Jeep Grand Cherokee . . . . [for] $54,393.84." *See* ECF No. 1-2 ("Compl.") ¶ 4. Plaintiff also alleges that "Defendant's failure to comply with its obligation[s] under the express warranty [and § 1793.2(d)] was willful" and, "[a]ccordingly, Plaintiff is entitled to a civil penalty of two times Plaintiff's actual damages pursuant to Civil Code § 1794(c)." *Id.* ¶¶ 21, 27; *see also id.* at Prayer ¶¶ 3, 5. Plaintiff also seeks her "costs of the suit and . . . reasonable attorney fees, pursuant to Civil Code § 1794." *Id.* at Prayer ¶ 7. Because it is not facially evident from the Complaint that the amount in controversy exceeds $75,000, it is Defendant's burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See Matheson*, 319 F.3d at 1090.

Defendant's Notice of Removal contends that removal is proper because "[t]he total sales price of the Subject Vehicle was $54,393.84," Not. of Removal ¶ 13(ii), meaning "Plaintiff . . . seeks $163,181.52 in damages" given her "alleg[ation] that she is entitled to a civil penalty of up to two times the amount of actual damages," "along with reasonable attorney fees." Not. of Removal ¶ 13(iv). Defendant cites *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004 (N.D. Cal. 2002), to support its contention that "civil penalties under [the] California Song-Beverly Consumer Warranty Act are included in determining whether [the] amount in controversy for diversity jurisdiction was satisfied as civil penalties under the Act, allowing up to two times the amount of actual damages as well as compensatory damages, are akin to punitive damages." Not. of Removal ¶ 14 (citing *Brady*, 243 F. Supp. 2d at 1009).

But it is this similarity to punitive damages that courts within this District have found problematic. Courts have found that, where a plaintiff seeks punitive damages in her complaint, the "[d]efendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim *could* total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punishment."

*Zawaideh v. BMW of N. Am., LLC*, No. 17-CV-2151 W (KSC), 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) (quoting *Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1201 (N.D. Cal. 1998)) (emphasis in original). Consequently, "[i]n evaluating whether to include a civil penalty in calculating the amount in controversy . . . , the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty." *Id.*; *accord McCormack v. Chrysler Grp., LLC*, No. 18-CV-1387 W (KSC), 2018 WL 5262982, at *2 (S.D. Cal. Oct. 23, 2018); *Eberle v. Jaguar Land Rover N. Am., LLC*, No. 218CV06650VAPPLA, 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018); *Makol v. Jaguar Land Rover N. Am., LLC*, No. 18-CV-03414-NC, 2018 WL 3194424, at *2 (N.D. Cal. June 28, 2018). Here, Defendant makes no such showing; accordingly, the Court concludes that Defendant has failed to establish by a preponderance of the evidence that the amount in controversy should include a civil penalty in the amount of two times Plaintiff's alleged actual damages of $54,393.84. *See Zawaideh*, 2018 WL 1805103, at *3; *see also McCormack*, 2018 WL 5262982, at *2; *Eberle*, 2018 WL 4674598, at *2; *Makol*, 2018 WL 3194424, at *3.

Defendant also contends that Plaintiff's attorneys' fees are appropriately included in the amount in controversy. *See* Not. of Removal ¶ 15 (citing *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998)). It is true that "attorneys' fees can be taken into account in determining the amount in controversy if a statute [or contract] authorizes fees to a successful litigant." *Galt G/S*, 142 F.3d at 1155 (quoting *Goldberg v. CPC Int'l Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1992), *cert. denied*, 459 U.S. 945 (1982)). But "Defendant does not make any effort to set forth the value of attorney's fees that it expects [P]laintiff[] will incur in this matter." *Johnson v. Am. Online, Inc.*, 280 F. Supp. 2d 1018, 1026 (N.D. Cal. 2003). Consequently, "[w]hile it may well be true that [Plaintiff's] claim . . . will ultimately exceed $75,000, [D]efendant has not met its burden to demonstrate this fact by a

preponderance of the evidence." *See Johnson*, 280 F. Supp. 2d at 1026; *see also Eberle*, 2018 WL 4674598, at *2; *Makol*, 2018 WL 3194424, at *3; *Zawaideh*, 2018 WL 1805103, at *3. The Court therefore **REMANDS** this action to the Superior Court for the State of California, County of San Diego.

**IT IS SO ORDERED.**

Dated: October 30, 2019

Hon. Janis L. Sammartino
United States District Judge